Good morning, Your Honors. I'm John Water, I represent Mr. Hawk. The government in its brief does not concede that the Board erred. In fact, they do not address the finding that PC-350A is a crime of fraud or deceit. But as to the amount of loss to the victims, they diplomatically note that the Board's decision appears to be unsupportable. And they ask this Court to remand the matter back for clarification. I see the government's request for remand as the first and simplest of the three issues. The second issue was whether there was a loss to the victim exceeding $10,000. And the third issue, if necessary, is whether PC-350A-2 is a crime of fraud or deceit. As to the first issue, I think that remand is inappropriate because the record is complete. Also, the Board has had already two opportunities to find unequivocal evidence of a victim and of a loss to the victim of greater than $10,000. JUDGE LEBEN Counsel, we had a recent case, Ruiz-Vidal. Are you familiar with that? MR. GONZALES Yes, sir. I have read that. I believe that's on point and it's very helpful because the Court stated in Ruiz-Vidal that the record on remand would not be added to. The record was complete and, in fact, that's what I argued in my response to the government's motion to remand last June. I said no new evidence has been submitted that would bolster the Board's decision and there's ample evidence in the existing administrative record to show that the Board's finding is unsupportable. And I should emphasize that there's nothing to add to the record in this case. Mr. Hauck's conviction record is more complete than it was in Ruiz-Vidal. In that case, the Court had only a charging document and the abstract of judgment. In Mr. Hauck's case, we have the indictment, the plea agreement, the sentencing minutes, and the transcripts from both the plea and the sentencing proceedings. And your legal argument is that the government has failed in its proof. It has failed in its proof and, in fact, the OIL brief appears to question how the Board came to its conclusion. They're not defending the Board's decision. They're asking that it be remanded so the Board can clarify it. Well, Counsel, why don't we let the government respond? You still have all your time, but at this point I think the issue has been joined, should be, unless you wanted to add anything further. Well, I think we might be able to resolve this case on the issue of whether there's a loss and whether there's a victim, but I'll reserve that. All right. Fair enough. Thank you. May it please the Court? My name is Brooke Maurer, Counsel for Respondent, the Attorney General. Ms. Maurer? We're asking to remand this case back to the Board, pursuant to the holding of insurance, for them to clarify their holdings. Well, why isn't this controlled by Roos-Vidal? Well, I believe, or we believe that in that case that there was actually a cancellation so that the proceedings actually became terminated. And so this is just a continuation. We want to take this back to the Board because we feel that there was a legal deficiency in their holding, and they should have the right to clarify. You want a second bite at the apple, in other words? Not necessarily a second bite at the apple. We want to take it back because the proceedings, the holding by the Board was just deficient because they failed to explain how they came to the loss for the victim amounting to $10,000 resulting from the $2.5 million in profit, and they also failed to identify the actual people that were... Okay, but isn't that the government's burden? Well, as far as determining the losses, and we believe that there's sufficient support in the record, but the Board failed to clarify upon those. Well, if we could find that, why couldn't we affirm, or deny the petition, I should say? If we could find that, why couldn't we decide it? The Board held that this, the loss was $10,000 or more. If that's supported by the record, that's all we need to know. Now, I think the problem is you can't look in this record and figure out how you can get there, and I don't see how the Board could get there if they had another chance to get there unless somebody has some more evidence, but the evidence that's there all seems to be consistent with the problem that we face, or you face. We also further believe that if this were to be remanded back with the proper instruction, the Board could come to a different or better conclusion. I'd be willing to bet my life appointment that the government would put on more evidence of the loss if it went back, and that seems to be what is forbidden by Ruiz-Vidal. And we're standing on that they did file a legally deficient holding, they need to go back, they need to review this. So you would put on more evidence on that point, so. Or in the alternative, the Board could potentially. Might decide it differently.  Might decide it in favor of the petitioners. Correct. Anything further? No, Your Honor. Thank you. Mr. Vaughter, anything further? I'd just like to point out one thing, which is that in Ruiz-Vidal, the disputed issue was raised twice, and so they were asking for a third bite of the apple, and in fact that's the same situation we have here. This came up twice. The Board first reviewed the case on appeal from November to December 2004. I raised this very issue, and the Board had a second opportunity to review their findings when we filed a motion to reopen or reconsider the previous decision, which merely recognized that Mr. Haack was not convicted of money laundering, but went on to find that his conviction for 350A2 was a crime of fraud or deceit. Thank you, Counsel. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Levy , Callahan